IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA : DOCKET 17-CR-390
:
V. : JUDGE CARTER
:
VITTO GALLICCHIO : PRO SE

MOTION PURSUANT TO 28 U.S.C.§ 2255

AND NOW comes the Movant, Vito Gallicchio, pro se, in a Motion Pursuant To 28 U.S.C. § 2255 in order to show the ineffective assistance of his counsel Irving Cohen. The following information avers as stated:

INTRODUCTION

On October 18, 2018, Movant plead guilty to one count of conspiracy to distribute ans possession with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 846 and 841 (b)(1)(C). On October 29, 2019 Movant was sentenced to 144 months imprisonment. Movants current anticipated release date is February 28, 2020. Movant was arrested in June of 2017 and placed on bond. He hired attorney Cohen to represent him. His attorney, knowing the Movant was heavily addicted to oxycodone and suffering from severe heart disease, did nothing to bring this to the attention of the court or get his client into a facility to assist him in his severe addiction.

This factor alone could have assisted the Movant and the court in determining a proper course of action. When an individual is in the throws of an opioid addiction, he is literally without sanity. The thinking process is totally hijacked by the only focus in such a persons life to obtain more opioids. This desire overtakes everything in a persons life. His family, his job, his standing in the community all go out the proverbial window once this addiction starts. It becomes impossible to make any logical decisions. The drug addled mind will resort to any illicit behavior to keep it's addiction alive. This cannot be construed as a sane mind. The addict is completely self destructive and irrational. This is what this Movant was dealing with whether the government chooses to believe it or not. The Movant had never run afoul of the law in his life until his addiction.

Once the drug is removed from the equation a deep depression ensues and the person is incapeable of making any decision nevertheless a proper one. His attorney led him into the courtroom to make a change of plea without the benefit of any written agreement, thus violating Movants due process rights. This attorney did not file any proper objections to Movants PSR. This attorney kept telling Movant, I will get you 60 months, it's your first offense. Even at the sentencing hearing this attorney assured the Movant of a 60 month sentence.

This attorney failed his client from the first day by not immediately bringing to the courts attention, his clients severe addiction. From that moment on this attorney fell far below the standard of reasonableness.

To prevail on an ineffective assistance of counsel claim, Movant (2019 U.S. Dist. Lexis 10) must show that (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) Movant was prejudiced as a result of counsel's deficient performance. Strickland v. Washington, 466 U.S. 668-94 104 S. Ct. 2052, 80 L. Ed. 2d. 674 (1984). In determining whether counsel's performance was deficient, " the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance", and the challengers burden is to show that the errors were " so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment". ID at 687-89 " Prejudice is established if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different".

Flores v. Demskie, 215 F. 3d. 293, 304 (2nd Cir. 2000) (quoting id, at 694 internal quotation marks omitted).

This is certainly probable in this case. Movants attorney's performance was clearly deficient and caused Movant to be shown as the government contended whereas this was anything but the truth. Movant has not filed any appeal in this matter and has nothing pending on this matter.

    WHEREFORE, Movant asks this Honorable Court to vacate, set aside or resentence Movant due to his attorney's prejudicial and deficient counsel.

10/12/20

Dated

Respectfully Submitted,

Vito Gallicchio

Vito Gallicchio
91182-054
FPC Schuylkill
P.O. Box 670
Minersville, PA 17954

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET 17-CR-390 |
| | : | |
| V. | : | JUDGE CARTER |
| | : | |
| VITO GALLICCHIO | : | PRO SE |

BRIEF IN SUPPORT OF 28 U.S.C. § 2255

Movant contends that he was clearly taken advantage of while in a depressive state and in doing so his attorney violated his constitutional rights. Movants attorney either did not understand or did not care about his clients mental and physical state while taking him through his legal ordeal. Movant was talked into an open court plea without the benefit of any written agreement. At minimum this is a due process violation. This attorney failed to immediately show the court the damaged and diminished state of his client and in doing so getting the court involved in his treatment. Courts today routinely send pretrial offenders into a rehabilitation center to better judge the condition of the offender in order to provide the proper sentencing considerations.

Movants attorney repeatedly told his client that as a first time offender he would receive no more than 60 months. A guilty plea must be the vouluntary expression of the defendant's own choice. Brady, 397 U.S. at 748, 90 S. Ct. at 1468.69. " The agents of the state may not produce a plea by actual or threatened physical harm or by mental coercion, overbearing the will of the defendant." Id at 750, 90 S. Ct. at 1470; Waley v. Johnson, 316 U.S. 101, 104, 62 S. Ct. 964, 965, 86 L. Ed. 1302 (1942) (per curiam) ( a guilty plea coerced by federal law enforcement officer is inconsistent with due process). " The plea is void if it is induced by promises or threats which deprive it of the nature of a voluntary act." Machibrode v. United States, 368 U.S. 487, 493, 82 S. Ct. 510, 513, 7 L. Ed. 2d 473 (1972).

This Movant was clearly in no condition to make an informed choice but fell to the coercion of his attorney's repeated statements of, " I will get you 5 years, if not, they will give you 20. We can't ask for a plea because it will be for 20 years." This was driven into the Movants mind in order to get him to plea in open court.

When a guilty plea is challenged, as being the product of coercion, our concern is not soley with the subjective state of mind of the defendant, but also with the constitutional acceptability of the external forces inducing the guilty plea. United States v. Martinez, 486 F. 2d 15, 21 (5th Cir. 1973) see also Miller v. Fenton, 474, U.S. 104, 106 S. Ct 445, 88 L. Ed. 2d 405 (1985) ( voluntariness of confession turns as much on whether techniques used for extracting confession comport with due process as a subjective state of mind). If a prosecutor or attorney elicits a guilty plea by pointing a revolver at the defendant, the plea is void regardless of the defendants state of mind. Iaen v. Sunn, 800 F. 2d 861 (9th Cir. 1986).

Movant was denied a plea agreement in this case. If one was used then the rules governing it would apply. A contract can be defended, discharged or excused if certain events or conditions make its performance utterly impracticable. This doctrine is <u>predicated</u> upon the theory that the parties to a contract made their bargain with specific circumstances in mind; that their basic assumptions about the world in which the contract was negotiated was thereafter upset by a failed contingency or condition. Performance under the contract becomes commercially impracticable and legally excused.

Movant has no such option and is forced to use this motion as a partial means of attack. The attorney in this case chose not to object to PSR enhancements but chose a Fatico hearing as if his client was a member of organized crime. In this hearing, the government presented a witness who by stating the Movant was selling oxycodone, received a benefit in his own crime. Any competent attorney would easily discredit such a witness but not attorney Cohen. This hearing led the court to believe the Movant was far more involved than he was. The government contends Movant was a " Crew chief" and a leader of a conspiracy. Movants attorney could have easily disproven this theory but did not object to this enhancement instead insisting on a Fatico hearing. Enhancements to the guidelines must be proved beyond a reasonable doubt, citing United States v. Manual Gonzalez, supra and Apprendi; v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Idem est non esse et non apparere, not to be and not to appear the same, i.e, the court will not presume any alleged fact to exist, unless it has been shown by competent testimony. This was clearly not the case in this circumstance.

Testimony of an drug addict who is receiving a benefit for his testimony cannot be considered competent.

To presume the testimony at the Fatico hearing is true without vigerous cross examination armed with all evidence and facts is ineffective. A conclusion or inference drawn from the proven existance of some fact or group of facts is presumption. Presumptions may be either (a) juris et de jure ( of law and by the principles of law), such as the presumption of incapacity in a minor to act, which are conclusive and irrebuttable; (b) juris (of law), which may be disproved or rebutted by evidence; or (c) judicis, or facti, i.e, presumptions of fact drawn by a judge from the evidence.

The attorney was again ineffective allowing the court to presume what was testified to was fact. This attorney, who insisted on this Fatico hearing was woefully unprepared. Proof of a fact or collection of facts which creates a presumption of the existence of other facts, or from which some conclusion may be legally drawn, but which presumption or conclusion may be discredited or overcome by other relevant proof. Cf. circumstantial evidence and presumption. This attorney should have been prepared to overcome the prima facie evidence in this case but again was completely unprepared.

At sentencing, Movants attorney assured his client that he had the sentencing worked out for the Movant to receive 60 months. Due to the inept handling of Movants case, the court, believing Movant was a leader, organizer, sentenced Movant to 144 months. In reality, as stated, Movant became addicted to oxycodone. When he was at his worst point, he got others to obtain perscriptions for him. His pharmacist, in seeing Movant filling his perscription, told him he could help him out and supply Movant with a large quantity of oxycodone. This pharmacist, who owed money to several organized crime members was desperate for money. He then enlisted the Movant, who suffering from a severe addiction and thinking irrationally, went along with the pharmacists plan. Without this pharmacist stealing his own product and coercing a drug addled patron, the only crime would have been Movant getting friends to obtain pills for him. He can in no way be labeled as a "crew chief" or leader. Without the pharmacist there are no 182,120 pills.

This is akin to giving a chronic alcoholic keys to a liquer store and then blaming him for his actions. This leadership enhancement cannot stand and if Movants attorney objected to this and laid out exactly what transpired, Movant would be seen in a much different light. If Movant was the horrific person the government made him out to be then he would not have had so many letters on his behalf. Movants family and friends filled the courtroom to support him, knowing he had a serious problem but was inherantly a good and decent man.

The court, having been shown nothing by Movants counsel besides an impassioned speech at sentencing, had no choice but to sentence the Movant as it did. This was simply a case of deficient counsel. Movant does not dispute his guilt in obtaining pills. He is in no way as responsible as the government contends. Movant has shown he has met the Strickland standards and both prongs of Strickland. Strickland v. Washington, 466 U.S. 668-94, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Defense counsel was clearly deficient and led his client into an untenable situation. Movants attorney violated his 6th and 14th Amendment rights. Movant is a first time offender and with counseling and family that knows of his addiction, he will never be before a court again. Movant has severe coronary artery disease. He has multiple stents and eventually need heart surgery. There is a very good chance Movant will not make it until the end of his sentence and this should have also been discussed with the court.

The plain language of § 2255 indicates that there must be an evidentiary hearing unless " [t]he files and records of the case 'conclusively' show the prisoner is entitled to no relief". Remember also that Garza v Idaho, 586 U.S. \_\_\_\_\_(2019), where the Supreme Court stated among other things, that no plea waiver is an absolute bar to all appellate claims. In this case there was no plea agreement. Only an evidentiary hearing can resolve these very serious and important issues.

WHEREFORE, Movant asks this Honorable Court to restore his rights and vacate, set aside or resentence him to a lesser degree.

10/12/20
Dated

Respectfully Submitted,
Vito Gallicchio
Vito Gallicchio
91182-054
FPC Schuylkill
P.O. Box 670
Minersville, PA. 17954

# Certificate Of Service

I Vito Gallicchio enter into the U.S. Mail at FPC Schuylkill, one original Motion Pursuant To 28 U.S.C. § 2255 and one original Brief In Support Of Motion Pursuant to 28 U.S.C. § 2255 to be sent to the Clerk Of Court, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Room 120, New York, N.Y. 10007-1312

10/12/20
Dated

*Vito Gallicchio*
Vito Gallicchio
91182-054
FPC Schuylkill
P.O. Box 670
Minersville, PA. 17954

Vito Gallicchio 91182-054
Federal Prison Camp Schuylkill
    P.O. Box 670
Minersville, PA 17954

RECEIVED
2020 OCT 16 PM 3:44

HARRISBURG P&DC 171
TUE 13 OCT 2020 PM

Clerk of Court
Daniel Patrick Moynihan Federal Bldg
500 Pearl Street Room 120
New York, NY 10007-1312