UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

VITO GALLICCHIO,

1:17-CR-390 (ALC)

1:20-cv-8764 (ALC) (Related Case)

**OPINION**

**ANDREW L. CARTER, JR., United States District Judge:**

Pro se Petitioner Vito Gallicchio pleaded guilty to one count with conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. The Court imposed a below Guidelines sentence of 144 months' imprisonment. Attacking his convictions pursuant to 28 U.S.C. § 2255, Defendant claims that his counsel Irving Cohen, Esq. was ineffective in four ways. Defendant appears to argue that Mr. Cohen failed to inform the Court about Defendant's heart disease and oxycodone addiction; that Mr. Cohen violated Defendant's due process rights by allowing him the plead guilty in the absence of a plea agreement; that Mr. Cohen misled Defendant into pleading guilty by stating he would be sentenced to no more than five years; and that Mr. Cohen erred in requesting a *Fatico* hearing and was ineffective during the hearing. ECF No. 269 at 1-4.

Because the petition can be resolved on the submitted record, no evidentiary hearing is necessary. Having carefully considered the parties' submissions, the Court denies Defendant's § 2255 motion.

## BACKGROUND

### I. Statement of Facts

On June 20, 2017, Mr. Gallicchio and two co-Defendants Dr. David Taylor, and Daniel Garcia, were charged with conspiracy to distribute and possess with intent to distribute

oxycodone, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. ECF No. 1. The Superseding Indictment S4 17 Cr. 390 (ALC) was filed on February 6, 2018, and charged Gallicchio and five others in one count with conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. ECF No. 38. Mr. Gallicchio was the chief of the conspiracy and referred "patients" to Dr. Taylor for oxycodone prescriptions. *Id.* The "patients" did not need the pills, and instead sold Gallicchio the oxycodone, and/or took the pills to satisfy their oxycodone addictions. *Id.* In exchange for the arrangement, Dr. Taylor received cash and gifts. *Id.* From 2012 to June 2017, Gallicchio received between 180 and 270 pills per month. *Id.* Defendant then sold the oxycodone pills for at least $15 per pill to suppliers, including Mr. Garcia. Gallicchio and the referred "patients" obtained prescriptions for 82,120 oxycodone 30 milligram pills. PSR ¶ 4.

Additionally, Defendant conspired with pharmacist Nicholas Avicolli, who sold wholesale oxycodone directly to Defendant for $10 per pill. Trial Tr. 306:1-4. Mr. Avicolli alleged an approximate 100,000-pill discrepancy between the oxycodone 30-milligram pills he ordered from wholesalers, and those he lawfully dispensed, was due to his arrangement with Defendant. Taylor Trial Tr. 343:10-14.

Mr. Gallicchio was responsible for diverting 182,120 30-milligram oxycodone pills (or 5,463 grams) between January 2012 and June 2017. Magistrate Judge Cott appointed Irving Cohen, Esq. to represent Defendant, pursuant to the Criminal Justice Act.

On October 18, 2018, Mr. Gallicchio pleaded guilty to Count One of Superseding Indictment S4 17 Cr. 390 without a plea agreement with the Government. ECF No. 80. Defendant stated that he had been taking suboxone and receiving treatment for an alleged opioid addiction. *Id.* at 3:8-4:10. Defendant disclosed he was taking heart and cholesterol medicine. *Id.*

at 3:8-18. In Mr. Cohen's declaration, he stated during the proceedings, he "emphasized Mr. Gallicchio's serious medical problems and participation in a drug addiction program." ECF No. 291 at ¶ 3 ("Cohen Decl."). Defendant stated the medications did not affect his ability to process information and think rationally. ECF No. 80 at 4:20-5:4. The Court found that Mr. Gallicchio was alert and competent to plead guilty. *Id.* at 2-5:16. The Court confirmed that Mr. Gallicchio was aware that he had a right to not plead guilty. *Id.* at 5:17-23. Mr. Cohen affirmed that "[t]hroughout several meetings in person before his guilty plea, [he] made sure that Mr. Gallicchio had seen a copy of the Superseding Indictment and made him aware of his constitutional right to continue to plead not guilty." Cohen Decl. at ¶ 4. At the hearing, Defendant established that he understood the charge carried a maximum of 240 months' imprisonment and that "there is no promise as to what your guideline range will be" and "no promise as to what your sentence will be[.]" ECF No. 80 at 12:16-14:22, 14:23-16:1. In his declaration, Defendant's counsel stated "Mr. Gallicchio in fact confirmed this understanding of our discussions before the Court and under oath, indicating specifically, that he understood that there was no promise as to what his guidelines range nor actual sentence would be" and that counsel "made no promises that Mr. Gallicchio would receive a 60-month sentence." Cohen Decl. at ¶ 5. At the hearing, the Court confirmed that Defendant was satisfied with his legal representation, and that he voluntarily entered his plea. *Id.* at 18:14-16; 19:2-7.

On September 24, 2019, the Court held a *Fatico* hearing. ECF No. 196. Mr. Cohen contested the weight of oxycodone attributed to Defendant and the forfeiture amount proposed by the Government. Cohen Decl. at ¶ 6. The Government presented the testimony of two witnesses, Michael Farley and Det. Matthew Del Rosario, which Mr. Cohen cross-examined.

The parties submitted post-hearing briefs regarding drug quantity, leadership points, obstruction of justice, and forfeiture. ECF Nos. 198, 204.

On October 29, 2019, the Court sentenced Defendant. ECF No. 217. The Court agreed with the Government's stance on drug weight and calculated a base offense level of 36, *id.* at 3:11-14; the Court found that the obstruction of justice enhancement should apply, but it accepted only some of the Government's arguments and rejected others, *id.* at 3:15-5:10, applying a three-point leadership enhancement, rather than the four-point enhancement the Government pressed *id.* at 5:11-5:17. The Court calculated an applicable Guidelines range of 235 to 240 months' imprisonment. *Id.* at 5:23.

When calculating forfeiture, the Court considered the severity of Mr. Gallicchio's alleged addiction: "I don't believe that Mr. Gallicchio had a raging addiction to oxycodone. He very well might have used some pills. To the extent he might have been considered an addict, he was certainly a high-functioning addict." *Id.* at 6:19-22. The Court gave "Gallicchio some benefit of the doubt and estimate[d] that he used about 20 percent" of the pills he allegedly diverted. *Id.* at 6:22-7:4. The Court calculated a forfeiture amount of $2,190,840. *Id.* at 7:3.

Counsel for Mr. Gallicchio argued for a sentence of no more than five years. *Id.* at 12:21-22. Mr. Gallicchio confirmed he was satisfied with his legal representation. *Id.* at 21:5-6. Mr. Cohen affirmed that "Mr. Gallicchio did not express his discontent with [Mr. Cohen's] representation of him at any point." Cohen Decl. at ¶ 11. The Court imposed a below Guidelines sentence of 144 months' imprisonment. Mr. Gallicchio did not appeal his conviction or sentence, despite being informed of his right to appeal. *Id.* at ¶ 12.

## II. Procedural Background

On October 16, 2020, Defendant filed a 28 U.S.C. § 2255 claim for ineffective assistance of counsel. ECF No. 269. The government filed its opposition on December 21, 2020, ECF No. 273. Defendant filed his reply on January 26, 2021. ECF No. 274. At the Court's request, Defendant's former counsel Mr. Cohen filed a declaration. ECF No. 91. This matter is fully briefed.

## STANDARD OF REVIEW

### I. Ineffective Assistance of Counsel

"A defendant in criminal proceedings has a right under the Sixth Amendment to effective assistance from his attorney at all critical stages in the proceedings, which include entry of a plea of guilty[.]" *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013).

Pursuant to 28 U.S.C. § 2255,"[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" § 2255(a). "Section 2255 grants district courts the discretion to choose among four remedies when reviewing a sentence that was not authorized by law or is otherwise open to collateral attack." *United States v. Pena*, 58 F.4th 613, 618 (2d Cir.), *cert. denied*, 144 S. Ct. 147, 217 L. Ed. 2d 51 (2023) (citing 28 U.S.C. § 2255(b)). A court may: "[1] vacate and set the judgment aside and . . . discharge the prisoner or [2] resentence him or [3] grant a new trial or [4] correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A § 2255 habeas petition must be brought within one year from the date of final conviction. 28 U.S.C. § 2255(f)(1).

"A defendant is generally barred from 'collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal.'" *Rosario Figueroa v. United States*, No. 16-cv-4469, 2020 WL 2192536, at *3 (S.D.N.Y. May 6, 2020) (quoting *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011)). Ineffective assistance of counsel claims are an important exception to this rule, as they may be raised in a collateral attack regardless of "whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 509, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *see Yick Man Mui*, 614 F.3d 50, 54–55 (2d Cir. 2010); *Naranjo v. United States*, No. 16-cv-7396, 2019 WL 7568186, at *3 (S.D.N.Y. Dec. 16, 2019), *report and recommendation adopted by*, 2020 WL 174072 (Jan. 13, 2020), *aff'd*, 645 Fed. Appx. 50 (2d Cir. 2016). However, even where "a defendant has procedurally defaulted a claim" not subject to exception "by failing to raise it on direct review . . . the claim may still be raised in a habeas petition if the defendant can 'demonstrate either cause and actual prejudice, or that he is actually innocent.'" *Rosario Figueroa*, 2020 WL 2192536, at *3 (quoting *Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019) (internal punctuations and citations omitted)).

Where a petitioner raises claims that are neither time-barred nor procedurally-defaulted, "Section 2255 requires the district court to hold a hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Dodakian v. United States*, 2015 WL 11144511, at *23 (S.D.N.Y. Aug. 14, 2015) (quoting 28 U.S.C. § 2255(b)). "To warrant a hearing on an ineffective assistance of counsel claim the defendant need establish only that he has a 'plausible' claim of ineffective assistance of counsel, not that 'he will necessarily succeed on the claim.'" *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir.

2009) (quoting *Armienti v. United States*, 234 F.3d 820, 823 (2d Cir. 2000)) (quoting *United States v. Tarricone*, 996 F.2d 1414, 1418 (2d Cir. 1993)).

To succeed on an ineffective assistance of counsel claim, a petitioner must satisfy the Supreme Court's two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984).

> Under *Strickland*, in order to prevail on an ineffective-assistance-of-counsel claim, a defendant must meet a two-pronged test: (1) he 'must show that counsel's performance was deficient,' so deficient that, 'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance,' and (2) he must show 'that the deficient performance prejudiced the defense,' in the sense that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'

*Rone v. United States*, No. 15-cv-1417, 2019 WL 5445710, at *5 (S.D.N.Y. Oct. 24, 2019) (quoting *Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011) (quoting *Strickland*, 466 U.S. at 687, 690, 694).

The court must determine "whether, viewing the evidentiary proffers, where credible, and record in the light most favorable to the petitioner, the petitioner, who has the burden, may be able to establish at a hearing a *prima facie* case for relief." *Puglisi*, 586 F.3d at 213. Thus, "[t]he procedure for determining whether a hearing is necessary is in part analogous to . . . a summary judgment proceeding . . . If material facts are in dispute, a hearing should usually be held, and relevant findings of fact made." *Dodakian v. United States*, 2015 WL 11144511, at *23 (S.D.N.Y. Aug. 14, 2015) (alterations in original), *adopting report and recommendation* (quoting *Puglisi*, 586 F.3d at 213). However, "where a petitioner makes only vague, conclusory, or palpably incredible [ ] allegations,' a hearing is not required, as the petitioner's motion is required to "set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Miller v. United States*, 2017 WL 3268204, at *3 (S.D.N.Y. Aug. 1, 2017) (internal quotations and

citations omitted) (alteration in original). "Moreover, courts need not presume the credibility of factual assertions 'contradicted by the record in the underlying proceeding." *Lopez v. United States*, 2017 WL 1424328, at *3 (S.D.N.Y. Apr. 20, 2017) (quoting *Puglisi,* 586 F.3d at 214).

## DISCUSSION

### I. Ineffective Assistance of Counsel

The court considers whether Defendant's ineffective assistance of counsel claims can be resolved on the submitted record, or alternatively, require an evidentiary hearing. Defendant claims that his counsel was ineffective in four ways. Defendant appears to argue that Mr. Cohen failed to inform the Court about Defendant's heart disease and oxycodone addiction; that Mr. Cohen violated Defendant's due process rights by allowing him the plead guilty in the absence of a plea agreement; that Mr. Cohen misled Defendant into pleading guilty by stating he would be sentenced to no more than five years; and that Mr. Cohen erred in requesting a *Fatico* hearing and was ineffective during the hearing. ECF No. 269 at 1-4.

In his moving papers, Defendant "does not dispute his guilt in obtaining pills." ECF No. 1 at 6. Defendant does not argue that but for Mr. Cohen's ineffective representation of him, he would not have pleaded guilty or would have taken his case to trial. Defendant alleges "[his] attorney hustled [him] into pleading guilty without the benefit of any plea agreement." ECF No. 274 at 1. As a starting point, Defendant's due process claim is without merit. There is no due process right to enter into a plea agreement. Defendant's decision to plead guilty in the absence of a plea agreement did not contravene his constitutional rights.

The record belies Defendant's claims of ineffective assistance of counsel, and his ineffective assistance claim is not plausible. While Mr. Gallicchio claims Mr. Cohen did not raise the issue of Defendant's heart disease and oxycodone addiction with the Court, the record

plainly contradicts this claim. At the sentencing hearing, Defendant himself informed the Court of the various heart medications he received, and the opioid addiction he suffered from and was receiving suboxone and treatment for. ECF No. 80 at 3:8-4:10; 38:21-22. At the hearing, Mr. Cohen also raised that Defendant was in a drug addiction program. *Id.* at 38:21-22. In fact, Mr. Cohen made Defendant's opioid addiction and his heart problems a central focus of his sentencing submissions, ECF No. 168 at 3, 7, 8, 10, 11, ECF No. 168-3 at 8, 10, and these health problems were also documented in the PSR, PSR at ¶¶ 62-64, 67-72. Therefore, Mr. Cohen vigorously raised Defendant's addiction and heart issues in his defense, and the Court properly considered those arguments.

Next, Mr. Gallicchio alleges his counsel coerced him into pleading guilty by promising that he would receive a sentence of no more than five years. However, Mr. Gallicchio did not appeal his sentence or conviction. Because Defendant failed to assert this claim on direct review, he is barred from raising this claim in a § 2255 proceeding, unless he establishes either cause and prejudice, or actual innocence of the crime for which he was convicted. *DeJesus v. United States*, 161 F.3d 99, 102 (2d Cir. 1998). Defendant himself admits he sold and distributed oxycodone. Therefore, he does not argue he is actually innocent of the crime for which he was convicted. Neither does he argue that he suffered prejudice or that he would have proceeded to trial absent Mr. Cohen's performance. Importantly, Mr. Gallicchio's statements in court demonstrate he understood and accepted that there was no promise as to his sentence or his guideline range when pleading guilty. ECF No. 80 at 14:23-16:1. Importantly, Mr. Gallicchio stated in court that he had not been coerced or induced into pleading guilty. *Id.* at 19:2-7. Therefore, Mr. Gallicchio's own statements undercut any allegation that Mr. Cohen promised him a certain sentence if he pleaded guilty.

Mr. Gallicchio also argues that proceeding to a *Fatico* hearing was an error. Because Mr. Cohen vigorously opposed the Government's position as to which Guidelines' enhancements applied in this case, a *Fatico* hearing was necessary. Defendant was not disadvantaged by Mr. Cohen's performance at the hearing. In fact, due to Mr. Cohen's arguments, this Court applied a three-point, not four-point, leadership enhancement, *id.* at 5:11-5:17, and lowered the Government's proposed forfeiture amount by 20 percent when it determined Defendant used about 20 percent of the diverted pills for himself.

"[T]he files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The ineffective assistance of counsel claims are not plausible in light of the record, specifically considering Gallichio's statements to the Court during his plea allocution. Defendant has not met either prong of the *Strickland* test: that counsel's performance was so deficient outside the wide range of professionally competent assistance, and that the deficient performance prejudiced the defense, such that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Therefore, Defendant's habeas petition for ineffective assistance of counsel must be dismissed.

**CONCLUSION**

For the foregoing reasons, the Court concludes that Defendant has not established ineffective assistance of counsel. Defendant's § 2255 motion is DENIED. The petition is dismissed. For the reasons stated above, no Certificate of Appealability shall be issued because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)

The Clerk of the Court is respectfully directed to terminate the open motion at ECF No. 269.

**SO ORDERED.**

**Dated: July 8 , 2026**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**